IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEBBRA GRAY, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-12-729-F |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER, SOCIAL ) | |
| SECURITY ADMINISTRATION ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, who appears pro se and *in forma pauperis,* brings this action pursuant to 42 U.S.C. § 405(g), seeking review of a decision denying her application for social security disability benefits. United States District Judge Stephen P. Friot referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). The matter currently before the undersigned is Plaintiff's failure to respond to an order directing her to show cause why her action should not be dismissed for failure to timely serve the Defendant under Federal Rule of Civil Procedure 4(m).

In an order dated November 20, 2012 [Doc. No. 6], Plaintiff was advised of the requirements of Rule 4(m), and was given a permissive extension of time to either serve the Defendant or show good cause for her failure to do so. The extended deadline has passed, and Plaintiff has failed to either show service or otherwise respond to the order to show cause.

Plaintiff is required to serve each Defendant with a summons and a copy of the complaint. *See* Fed. R. Civ. P. 4(c)(1). If service is not made within 120 days after filing of the complaint, the Court may dismiss the action against an unserved defendant without prejudice. Fed. R. Civ. P. 4(m). Here, approximately six months have elapsed since Plaintiff filed her complaint. Although Plaintiff is a pro se litigant, she is required to comply with the same rules of procedure governing other litigants, including Rule 4. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992); *DiCesare v. Stuart*, 12 F.3d 973, 980 (10th Cir. 1993). Thus, Plaintiff's failure to complete proper service within the time limits prescribed by Fed. R. Civ. P. 4(m) is grounds for dismissal of her action in the absence of justification for the failure. *See Jones v. Frank*, 973 F.2d 872, 873-74 (10th Cir. 1992).

The preliminary inquiry under Rule 4(m) is to determine whether a plaintiff has shown good cause for her failure to timely effect service. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). In this regard, it is noted that Plaintiff has not responded to the undersigned's order directing her to show cause for her failure to timely serve the Defendant. Accordingly, Plaintiff has not shown good cause for her failure to serve the Defendant. Nevertheless, the Court must still consider whether an additional permissive extension of time to serve is warranted in light of several factors. Id. at 841-42.

Specifically, the Tenth Circuit Court of Appeals has noted that a permissive extension of time may be warranted "if the applicable statute of limitations would bar

the refiled action," or where "policy considerations might weigh in favor of granting a permissive extension of time . . . ." *Espinoza*, 52 F.3d at 842 (quotation and citation omitted). Additionally, as to pro se litigants, "[t]he district court should also take care to protect *pro se* plaintiffs from consequences of confusion or delay attending the resolution of an *in forma pauperis* petition." *Id.* at 842 n.8 (quotation omitted).

At this juncture, an additional permissive extension of time is not warranted. The statute of limitations governing Plaintiff's appeal appears to have passed long ago, as she alleges that her claim was denied in 2000. A social security disability claimant must appeal within sixty (60) days from receipt of an adverse decision. 20 C.F.R. § 404.981. Therefore, this factor does not warrant an additional extension of time. Further, there does not appear to be any policy consideration that may warrant granting Plaintiff an extension of time to serve the Defendant. Moreover, there was no confusion or delay in resolving an *in forma pauperis* application. Therefore, the applicable factors suggest that dismissal is warranted. Plaintiff's failure to timely serve the Defendant appears to be the result of nothing more than a lack of effort, as illustrated by her failure to even respond to the order to show cause. Such does not merit an additional extension of time to complete service.

In light of the foregoing, it is recommended that Plaintiff's action be dismissed without prejudice pursuant to Rule 4(m) based upon Plaintiff's failure to timely serve the Defendant. *Krueger v. Doe*, No. 98-6144, 1998 WL 717286 (10th Cir. October 14, 1998) (upholding dismissal of pro se prisoner's complaint for failure to effect service on

a defendant even though the statute of limitations had likely expired).

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Plaintiff's action be **DISMISSED** without prejudice pursuant to Rule 4(m). Plaintiff is advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court by **January 14, 2013**, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all matters referred to the undersigned.

ENTERED on December 28, 2012.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE